UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARTIQUE KING,                )
                              )
        Plaintiff,            )
                              )
v.                            )        CV425-299
                              )
JOHN DOES,                    )
                              )
        Defendants.           )

## ORDER

*Pro se* Plaintiff Martique King filed this case asserting that his constitutional rights were violated in the course of an arrest and state criminal prosecution. *See generally* doc. 1. He also moved to proceed *in forma pauperis.* Doc. 2. Because his application was ambiguous, the Court directed him to supplement it. Doc. 4. He filed a supplement that does not strictly comply with the Court's instruction.[1]  Doc. 8.

---

[1] The Court's prior Order explicitly directed King, "[i]f he is truly destitute and receives no material support from any third party," to "indicate, to the best of his ability, how he provides for his basic needs . . . ." Doc. 4 at 4. The supplemental application discloses either "NA" or "0.00" for every prompt, including both income and expense, that the form seeks. *See generally* doc. 8. While the Court is skeptical, to say the least, that King receives no material support, despite providing a residential return address, *id.* at 6, and spends "$0.00" on food per month, further requests for supplementation seem unlikely to clarify King's financial condition. Accordingly, the Court accepts his disclosures and grants his request to proceed *in forma pauperis* despite the remaining ambiguities. However, King is advised that any failure to fully and honestly disclose his financial condition may result in the dismissal of his case at any time. *See, e.g.,* 28 U.S.C. § 1915(e)(2)(A) (requiring the

1

Notwithstanding the remaining ambiguities concerning King's financial condition, based on his disclosures, the Court **GRANTS** his application to proceed *in forma pauperis*. Docs. 2 & 8. The Court, therefore, proceeds to screen his Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims

---

court to dismiss a case "at any time if the court determines . . . the allegation of poverty is untrue."). The Court also notes that King appears to be barred from filing lawsuits *in forma pauperis*, if he is subject to the restrictions of the Prison Litigation Reform Act. *See, e.g., King v. Officer Contreras Alan*, 4:19-cv-263, doc. 10 (S.D. Ga. Mar. 16, 2021). However, since King was not incarcerated when he filed this action, the PLRA's "three-strikes" bar does not apply.

must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The factual allegations in King's Complaint are relatively straightforward. He alleges that he was arrested by unidentified "agents for the State of Georgia," in 2023. Doc. 1 at 5. At some point during subsequent proceedings, "the State of Georgia admitted that the agents . . . had no pro[b]able cause to arrest [him]." *Id.* In July 2024, King's probation was revoked, apparently based on charges resulting from the concededly improper arrest. *Id.* King accepted a plea to the probation revocation. *Id.* He was incarcerated between July 2024 and November 2025, when he was "granted relief" in a state habeas corpus proceeding. *Id.* He seeks monetary damages. *Id.* at 6.

The first deficiency in King's Complaint concerns the identity of the Defendants. This Circuit "generally forbids fictitious-party pleading—that is, claims against fictitious or non-existent parties are usually dismissed." *Smith v. Comcast Corp.*, 786 F. App'x 935, 939 (11th Cir. 2019) (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).

3

There is a "limited exception" to the rule "when the plaintiff's description of the defendant is so specific as to make the fictious name, at the very worst, surplusage." *Id.* (internal quotations and citation omitted). "[W]here plaintiffs encounter difficulties in identifying the precise defendants, an appropriate alternative to dismissal may be . . . to permit the plaintiff to obtain their identit[ies] through discovery." *Scott v. Miami Dade Cnty.*, 2023 WL 4196925, at *7 (11th Cir. June 27, 2023) (citing *Brown v. Sikes*, 212 F.3d 1205, 1209 n. 4 (11th Cir. 2000) (internal quotations omitted)). As discussed below, King will have an opportunity to amend his claims, which should include sufficient information to effect service, if appropriate

The facts alleged in King's Complaint potentially implicate both false arrest and malicious prosecution. Both "false arrest" and "malicious prosecution" are recognized claims, under 42 U.S.C. § 1983, for distinct violations of the Fourth Amendment. *See, e.g., Williams v. Aguirre*, 965 F.3d 1147, 1157-58 (11th Cir. 2020) (discussing distinct theories of "false arrest" and "malicious prosecution," under § 1983). "False arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "[F]alse imprisonment[, or false arrest,]

4

ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389; *see also White v. Hiers*, 652 F. App'x 784, 786 (11th Cir. 2016). At that point, a plaintiff's claim is one for malicious prosecution. *Wallace*, 549 U.S. at 390. The false arrest and imprisonment conclude, even if the process issued is allegedly invalid. *See, e.g., Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) ("The issuance of a warrant—even an invalid one . . . –constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."); *see also, e.g., Williams*, 965 F.3d at 1158. King's general allegation that a state court previously recognized, or a state prosecutor admitted, that his arrest lacked probable cause, if the responsible defendants could be identified, would be sufficient to state a false arrest claim for any period of custody between the arrest and his detention subject to legal process. *See, e.g., Hesed-El v. McCord*, 829 F. App'x 469, 472 (11th Cir. 2020) ("[A] federal . . . claim for false arrest requires the plaintiff to show the absence of probable cause at the time of the arrest.").

"[T]he tort of malicious prosecution requires a seizure 'pursuant to legal process.'" *Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) (citation omitted). "[S]eizures following an arraignment, indictment, or probable-cause hearing," give rise to malicious prosecution claims. *Williams*, 965 F.3d at 1158 (citation omitted). In order to establish a § 1983 malicious prosecution claim, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free of unreasonable seizures." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019) (citation and quotation marks omitted); *see also Williams*, 965 F.3d at 1157 ("[T]his Court uses 'malicious prosecution' as only 'a shorthand way of describing' certain claims of unlawful seizure under the Fourth Amendment."). The elements of the common law tort of malicious prosecution include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Paez*, 915 F.3d at 1285 (citation omitted). A malicious prosecution claim does not accrue until the favorable termination occurs. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90

6

(1994). Although it is not entirely clear that a probation violation is a "criminal prosecution" for the purposes of a malicious prosecution claim, *see, e.g., Smith v. Mitchell*, 856 F. App'x 248, 250 (11th Cir. 2021) (expressing doubt that "a probation violation is a 'criminal prosecution' for purposes of a § 1983 claim for malicious prosecution), because King is entitled to an opportunity to amend his false arrest claim, the Court will permit him to amend any malicious prosecution claim he might assert as well.

Despite the Complaint's failure to state a claim upon which relief may be granted, King is entitled to an opportunity to amend it. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, King is **DIRECTED** to file an Amended Complaint no later than June 25, 2026. The Clerk is **DIRECTED** to include a copy of form Pro Se 15 (Complaint for Violation of Civil Rights (Non-Prisoner)) for King's convenience. King is advised that failure to timely submit his

amended pleading may result in dismissal of his case for failing to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 11th day of June, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA